IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY BYERS, § | |
| § | |
| Plaintiff. § | |
| § | |
| v. § | Civil No. 3:12-CV-770-O-BK |
| § | |
| J.P. MORGAN CHASE BANK, N.A., § | |
| and WENDI DEMKO, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, and RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 9). The Court now considers Plaintiff's *Motion to Remand*, as well as the *Motion to Dismiss* filed by Defendant J.P. Morgan Chase Bank, N.A. (Chase). After reviewing the pleadings and applicable law, the Court recommends that Plaintiff's *Motion to Remand* (Doc. 8) be GRANTED and Defendant Chase's *Motion to Dismiss* (Doc. 5) be TERMINATED as moot.

## I. BACKGROUND

On March 5, 2012, Plaintiff filed suit in state court against Defendants Chase and Wendi Demko, alleging common law fraud and seeking injunctive relief and to quiet title. (Doc. 1-1 at 3-9). Plaintiff's claims stem from a loan she obtained to buy an investment property in 2006 and Chase's subsequent attempts to foreclose on the property. (Doc. 1-1 at 4-8). Demko was the loan officer who originated the loan that is the subject of this lawsuit and Chase is the servicer of the loan. *Id*. at 3-8. Before either Defendant was served, Chase removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1). Chase contends that complete diversity exists between Chase and Plaintiff, and that Defendant Demko has been improperly joined and, thus,

1

should be disregarded for the purpose of determining jurisdiction. *Id*. at 3-5.  As of the date of this recommendation, Demko has neither been served with, nor has she answered, Plaintiff's *Original Petition*.

## II. APPLICABLE LAW and ANALYSIS

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court.  28 U.S.C. § 1441(a), (b).  However, within 30 days of removal, a plaintiff may move to remand the action to state court if there was a defect in the removal procedure.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000; thus, a state case is removable where <u>all</u> defendants reside in different states than plaintiffs and the amount in controversy threshold is met.  28 U.S.C. §§ 1332(a)(1), 1441.  The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  Consequently, a defendant may argue that a plaintiff has improperly joined a non-diverse defendant for purposes of defeating diversity jurisdiction, but that defendant's burden of persuasion is a heavy one.  *Travis v. Irby*, 326 F.3d

644, 648-49 (5th Cir. 2003). There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case. (Doc. 1 at 5).

When determining whether a plaintiff is able to establish a state claim against the non-diverse party, the district court inquires whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To make that determination, "[t]he court may conduct a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (footnote omitted). In making the improper joinder inquiry, the court must resolve all contested issues of fact in favor of the plaintiff and looks only for the *possibility* that the plaintiff may prevail. *Travis*, 326 F.3d at 648-49.

In their notice of removal and response to Plaintiff's *Motion to Remand* (Doc. 8), Chase argues that Plaintiff's complaint establishes that the claims against Demko are time barred and, therefore, Plaintiff has no reasonable probability of recovery against Demko. (Docs. 1 at 5; 11 at 2-5). Plaintiff argues, however, that the case should be remanded because Defendant Demko has not yet pled the affirmative defense of limitations. (Doc. 8 at 2). Plaintiff contends that because

the affirmative defense of limitations can be waived, Demko must first plead the statutory bar before Chase can rely upon it to support its claim of improper joinder. *Id*. at 2-3. Chase disagrees. *Id*. at 4.

Plaintiff's state law claims against Demko for fraud stem from two statements Demko allegedly made to Plaintiff in September 2006 and, on the face of Plaintiff's complaint, appear to be barred by the applicable statute of limitations. (Doc. 1-1 at 8); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (under Texas law, the applicable statute of limitations for fraud is four years). However, the Court finds that Chase's reliance on that fact to remove this case was premature, since Demko has not yet raised the defense of limitations and Plaintiff has not yet had the opportunity to refute any such defense.

While a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations; doing so does not make the statute of limitations any less an affirmative defense**.** *Jones v. Bock*, 549 U.S. 199, 215 (2007). Limitations is an affirmative defense that a party waives if it is not affirmatively pled. *Day*, 547 U.S. at 199 (citing FED. R. CIV. P. 8(c); 12(b), (15(a)); TEX. R. CIV. P. 94; *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App -- Houston [14th Dist.] 2003, no pet.). The defense of limitations does not bar a Plaintiff from filing suit and does not challenge the merits of the cause of action; but rather only seeks to prevent recovery based on the passage of time. *Hodge v. Wyeth*, Civ. No. C-02-271 at 9 (S.D. Tex. 2002) (Jack J.). A defendant asserting the affirmative defense of limitations bears the burden of conclusively establishing that defense. *Woods v. William M Mercer, Inc.*, 769 S.W. 2d 515, 517 (Tex. 1988) (holding that a defendant asserting limitations as an affirmative defense has the burden to plead, prove, and secure findings to

sustain his plea of limitations.). In addition, the defense of statute of limitations is procedural and not jurisdictional in nature. *Day v. McDonough*, 547 U.S. 198, 199 (2006) ("A statute of limitations defense is not jurisdictional."); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W. 3d 1, 4 (Tex. 1999) ("Statutes of limitations are procedural.").

Because Demko has yet to assert the affirmative defense of limitations, there is the *possibility* that Demko may waive the defense and that Plaintiff may prevail in her state claims against Demko. *Hodge*, Civ. No. C-02-271 at 9-12. Accordingly, this case should be remanded. *But see also* 28 U.S.C. § 1446(b)(3) (providing that if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

While the Court finds that removal was premature in this case, the Court does not find Chase's actions in removing the case to be objectively unreasonable. Accordingly, to the extent Plaintiff seeks attorney fees and costs associated with seeking remand, the motion should be DENIED.

### III. CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that Plaintiff's *Motion to Remand* (Doc. 8) be **GRANTED**, Chase's *Motion to Dismiss* (Doc. 5) be

**TERMINATED** as moot, and that each party bear its own costs.  This case should be remanded to the 134th Judicial District Court, Dallas County, Texas.

SIGNED on May 17, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE